UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================

SIMON GROSS individually and
on behalf of all others similarly situated

                                Plaintiff,

       -against-

NORTHSTAR LOCATION SERVICES, LLC

                              Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *I.   Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.     Plaintiff Simon Gross brings this action to secure redress from unlawful collection practices engaged in by Defendant Northstar Location Services, LLC.

2.     Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

11. On or about February 3, 2016, Northstar Location Services, LLC sent a collection letter to the Plaintiff Simon Gross. (see attached exhibit)

12. The said February 3rd letter was an effort to collect on a consumer debt.

13. The Barclays Bank account was being collected by Capital Management

Services, L.P., prior to Defendant Northstar Location Services, LLC's taking over of the said account.

14. Capital Management Services had sent a letter to the Plaintiff, on January 5, 2016 regarding the Barclays Bank account.

15. The balance stated in the said January 5, 2016 letter from Capital Management Services was $619.59, and in addition to that balance, interest was accruing daily as apparent from the Defendant's February 3, 2016 letter, which reflected an increase in the balance to an amount of $630.19.

16. A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the February 3, 2016 notice.

17. In fact, however, since as shown by the difference in the amount between the January 5th letter and the new increased amount in the February 3rd letter, which reflects that interest was accruing daily, a consumer who pays the "Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

18. The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post-charge-off interest and fees from the consumer.[1]

19. Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount

---

[1] See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]  However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

20.   The said collection letters at issue were increasing daily due to interest, but the February 3, 2016 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the Defendant's February 3, 2016 letter did not disclose that the balance was actually _not_ increasing due to the interest being waived.

21.   In any event, the Defendant's said February 3, 2016 letter was misleading and confusing within the meaning of Section 1692e of the FDCPA.

Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

22.   Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

23.   At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post-charge-off interest.

24.   A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest accrued since the previous letter.

---

[2] id.
[3] *Avila*, at *10-11

25. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

26. Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

27. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

28. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

29. Because the statement of the "Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

---

[4] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

30. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

31. According to the Second Circuit's finding that the "Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."[5]

32. The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

33. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer

---

[5] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

could not know what the real balance is.

34. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

35. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

36. The "Balance" is for an amount that includes original principal, fees, and contractual interest. If interest was waived or stopped accruing the collection notice must disclose "*This debt is not accruing interest.*"

37. If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

38. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

39. "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would

---

[6] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[7] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law. Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon,* No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012)

40. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." *Michalek v. ARS Nat'l Sys.*, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

41. The said letter merely identified the "Balance," yet failed to disclose that the balance may increase due to interest and fees.

42. The Plaintiff was left uncertain as to whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

43. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

44. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

45. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

46. The statement of an "Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

47. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

48. Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the

meaning of Section 1692e.

49. The Plaintiff and the least sophisticated consumer would be led to believe that the "Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

50. A consumer who pays the "Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

51. The Plaintiff alleges and avers that Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

52. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

53. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. The said letter is a standardized form letter.

55. On information and belief, the Defendant's collection letters, such as the said February 3, 2016 collection letter, number in the hundreds.

56. The Plaintiff alleges and avers that Defendant's February 3, 2016 letter is

in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

57. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

58. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

59. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

60. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

61. The Plaintiff alleges and avers that the Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

62. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

63. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading

statements trigger liability under section 1692e of the Act.

64. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

65. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V. Class Allegations

66. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67. The identities of all class members are readily ascertainable from the records of Northstar Location Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

68. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Northstar Location Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

69. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

70.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

71.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

72.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

73. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

74. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

75. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

76. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## *VI. First Cause of Action*

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the collection letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to

collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### VII.   Violations of the Fair Debt Collection Practices Act

79.   The Defendant's actions as set forth above in the within complaint violates the FDCPA.

80.   Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

81.   As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.   Jury Demand

82.   Plaintiff demands a trial by jury.

### IX.   Prayer for Relief

83.   Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   February 1, 2017

            /s/ David Palace_____
           **Law Offices of David Palace** (DP 3855)
           383 Kingston Ave. #113
           Brooklyn, New York 11213
           Telephone: 347-651-1077
           Facsimile: 347-464-0012

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

Reference# Redacted

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Barclaycard
Account Redacted
Amount of Debt: $619.59
AMOUNT ENCLOSED: _____
Current Address: _____

T9  P1******AUTO**MIXED AADC 140

Simon Gross
1244 49TH ST # 2
BROOKLYN, NY  11219-3011

Current Phone #: _____

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

January 05, 2016

**************45% SETTLEMENT OFFER**************

Dear Simon Gross:

On behalf of BARCLAYS BANK DELAWARE, Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account.  The settlement offer shall be $278.82 due in our office on or before 01/24/2016. We are not obligated to renew this offer.

If you choose to settle the account, upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.  Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.  This letter is contingent on the clearance of all payments made towards the settlement.  If any payments made as part of the settlement fail to clear, this offer will be null and void.

You may send the settlement payment to Capital Management Services, LP. at 698 1/2 South Ogden Street Buffalo, NY 14206-2317.  Our representatives are trained to offer assistance regarding this obligation.  For account inquiries, you may contact Capital Management Services, LP. by calling 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

This settlement may have tax consequences.  If you are uncertain of the tax consequences, consult a tax advisor.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ronnie Learman at 1-866-900-9732 with any questions or concerns.

1617/G7                                    Capman-122733.let   42064 * 20-BARCLAYS BANK DELAWARE-004601-NY * 6040



4285 Genesee Street  
Cheektowaga, NY  14225-1943

**NORTHSTAR LOCATION SERVICES, LLC**  
1-855-211-4583  
Hours Mon-Thurs 8AM-10PM ET,  
Fri 8AM-8PM ET, Sat 8AM-12PM ET

February 3, 2016

**Creditor:** BARCLAYS BANK DELAWARE  
**Account #:** ********** Redacted  
**Balance:** $630.19  
**Amount Remitted:** $ _____

201600000065257-LT1

1 AT   *A-01-O2R-AM-00318-2

SIMON GROSS  
1244 49TH ST # 2  
BROOKLYN NY 11219-3011



NORTHSTAR LOCATION SERVICES, LLC  
ATTN:  FINANCIAL SERVICES DEPT.  
4285 GENESEE ST  
CHEEKTOWAGA NY 14225-1943

To ensure proper credit, return this portion with your payment.

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| BARCLAYS BANK DELAWARE | ******* Redacted | $630.19 | |

The above account has been referred to our office by BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS MASTERCARD. Your account is listed as delinquent with a total amount due of $630.19.

Original Creditor: Barclaycard

Total Charge-Off Balance: $630.19

Total Amount of Payments Since Charge-Off: $.00

Total Interest Since Charge-Off: $.00

Total Fees Accrued Since Charge-Off: $.00

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-211-4583
- MoneyGram ExpressPayment
- Debit Card
- Web Pay at  www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-855-211-4583  to make your payment.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

ACA INTERNATIONAL

Payment website:  https://www.gotonls.com